# EXHIBIT 3

# BARNES & THORNBURG LLP

2121 N. Pearl Street, Suite 700
Dallas, TX 75201 U.S.A.
(214) 258-4200
Fax: (214) 258-4199

www.btlaw.com

David Lisch
Partner
214-258-4156
David.lisch@btlaw.com

May 20, 2026

**VIA EMAIL: wramey@rameyfirm.com**
William P. Ramey III
Counsel for Wolverine Barcode IP, LLC
Ramey LLP
446 Heights Blvd., Suite 200
Houston, Texas 77007

> **Re:    Rule 11 Violation in *Wolverine Barcode IP, LLC v. Walgreen Co.*, Cause No. 2:26-cv-00153-JRG (E. D. Tex.)**

Dear Bill:

We write on behalf of Walgreen Co. ("Walgreens") in response to the Complaint Wolverine Barcode IP, LLC ("Wolverine") filed on February 27, 2026 in the above-captioned matter asserting infringement of U.S. Patent No. 9,280,689 ("the '689 patent"). As addressed below, we have serious concerns about the adequacy of Wolverine's pre-suit investigation and infringement allegations.

## I.    No Evidence or Allegations That The "User ID Barcode" includes a "Special Character"

A review of the '689 patent, Wolverine's Complaint, and associated infringement allegations reveals that Wolverine's claims are objectively baseless. Specifically, for example, independent claim 1 of the '689 patent requires the following limitation:

> "(b) converting said personal code into barcode format to form a User ID Barcode, **said User ID Barcode** corresponding to said personal code and **including** at least one **special character** to distinguish the barcode as a User ID Barcode from a product barcode."

Wolverine's infringement chart fails to demonstrate infringement of at least this limitation. The following is the entirety of Wolverine's infringement allegations:

Atlanta   Boston   California   Chicago   Delaware   Indiana   Michigan   Minneapolis   New York   Ohio   Raleigh   Salt Lake City   Texas   Washington, D.C.

Ltr to Ramey re Rule 11 Violations
May 20, 2026
Page 2

*personal code ["DW|1|201203365943052|9604318913-wallet-m0415|0.00"] and including at least one **special character** [DIFFERENT CODES, "DW"] to distinguish the barcode as a **User ID Barcode** [SEE IMAGE of barcode] from a **product barcode** [SEE IMAGE of barcode].*

*For example, Walgreens converts the digital wallet identifier ("DW|1|201203365943052|9604318913-wallet-m0415|0.00") into a barcode that serves as the user's ID. This User ID Barcode corresponds directly to that identifier and contains a special code—such as the prefix "DW"—to distinguish it from regular product barcodes.*



**User ID Barcode**

<https://play.google.com/store/search?q=walgreen&c=apps> © 2025

**special character**

DW|1|201203365943052|9604318913-wallet-m0415|0.00

<https://play.google.com/store/search?q=walgreen&c=apps> © 2025

Dkt. 1-2 (Exhibit B) at 5-7. This contention is facially inadequate for at least the following reasons:

The above allegations fail to show that the "User ID Barcode" includes any "special character." The claim requires that the User ID Barcode *include* at least one special character to distinguish it from a product barcode. However, the alleged User ID Barcode does not include any characters at all, much less a "special character":

**BARNES & THORNBURG** LLP

Ltr to Ramey re Rule 11 Violations
May 20, 2026
Page 3



<https://play.google.com/store/search?q=walgreen&c=apps> © 2025

Dkt. 1-2 (Exhibit B) at 7. Indeed, the barcode is merely a compilation of vertical lines—there are no characters at all.

Exhibit B contends that the digital wallet identifier may include a special character and that "[t]his *User ID Barcode* corresponds directly to that identifier and *contains a special code-such as the prefix "DW"*-to distinguish it from regular product barcodes." Ex. B at 6. But the barcode (above) relied on for infringement does not include any "special code" or the "DW" prefix as stated in the contentions. Accordingly, the relied on evidence does not support the articulated allegation.

Moreover, to the extent the digital wallet identifier is relied on (which is incorrect), Wolverine's allegations ignore the express claim limitation that it is the User ID *Barcode* that must "include[] at least one *special character* to distinguish the barcode as a User ID Barcode from a product barcode." It also ignores the '689 specification. *See, e.g.,* '689 patent at 5:64-6:14 ("The *User ID Barcode* is derived from the conventional barcode and *includes* a *special character,* or characters, to identify it as a personal ID code and to distinguish it from barcodes that may incorporate data relating to products or goods"), 10:9-18 ("The Vendor Server **40** detected the *special character in the User ID Barcode* indicating that the barcode does not represent any products for sale and it is the User ID Barcode, the Vendor Server **40** *sends the User ID Barcode* together with the transaction data to the UVM Server **80**, step **10").** The claim does not pertain to the identifier containing any alleged special code and therefore any reliance on such is misplaced and fails to demonstrate infringement.

To the extent the digital identifier string "DW| 1 | 201203365943052 | 9604318913-wallet-m0415 | 0.00" is applicable, Wolverine's emphasis on the letters "DW" is not a special character in view of the '689 patent's specification and prosecution history.  And Exhibit B's reference to "DIFFERENT CODES" is vague and conclusory. It does not identify what the alleged special character is, how it functions within the barcode, or how it serves to "distinguish the barcode as a User ID Barcode from a product barcode" as the claim requires.

An infringement claim chart that asserts, without evidentiary foundation, that a claim limitation is satisfied does not constitute the kind of reasonable inquiry into the facts required by Rule 11(b)(3). The "special character" limitation is an independent element of the claim, and Plaintiff's failure to demonstrate that the accused system meets such a limitation renders the infringement allegations as to this claim element unsupported.

**BARNES & THORNBURG** LLP

Ltr to Ramey re Rule 11 Violations
May 20, 2026
Page 4

## II.    Infringement Contention Deficiencies

We received and reviewed Wolverine's Infringement Contentions served May 18, 2026. At the outset, as noted in my May 19, 2026 email to you, the contentions are for the wrong case. As one example, the Infringement Contention cover pleading is captioned for a matter in the District of Massachusetts, Eastern Division. However, the present case by Wolverine against Walgreens was filed in the Eastern District of Texas, Marshall Division. As a second example, the cover pleading also states "Accused Product. Jamba's Offline Electronic Transactions." Infringement Contention cover pleading at 2. Accordingly, the Infringement Contentions are directed towards Jamba Juice and not Walgreens. As a third example, the claim chart included with the infringement contentions is titled "against Jamba" and maps the '689 patent to the Jamba Juice app and website—not the Walgreens website. Nor are any accusations included against Walgreens.

Accordingly, the Infringement Contentions are inapplicable and deficient for the matter *Wolverine Barcode IP, LLC v. Walgreen Co.*, Cause No. 2:26-cv-00153-JRG (E. D. Tex.). Moreover, such errors violate Rule 11 as articulated below in view of having absolutely no evidentiary support.

## III.    Rule 11 Obligations

As you are well aware, Federal Rule of Civil Procedure 11(b) provides that by presenting a pleading to the court, an attorney certifies that "after an inquiry *reasonable* under the circumstances: … the claims and other legal contentions are warranted by existing law or by a *nonfrivolous argument*" and that "the factual contentions *have evidentiary support*." Plaintiff's contentions fail to satisfy these requirements at least with respect to the "special character" limitation as explained above. No reasonable inquiry appears to have been performed. And, as discussed above, the infringement allegations address the wrong court and the wrong company's (*i.e.*, Jamba Juice's) product.

## IV.    Demand

In light of the forgoing, Walgreens respectfully demands that Wolverine dismiss its Complaint against Walgreens **with prejudice by May 25, 2026** to avoid incurring unnecessary legal fees and Court burdens, in which case Walgreens will not seek recover of its attorneys' fees for this matter. If Wolverine would like to discuss the above issues before this date, we are happy to do so. If Wolverine does not dismiss its case by **May 25, 2026**, Walgreens will prepare and file a motion to dismiss highlighting at least the issue above, along with many others in the Complaint and claim chart.

Walgreens reserve all rights and defenses, including but not limited to defenses of non-infringement, invalidity, and any other defenses that may be available. Nothing in this letter shall be construed as a waiver of any rights, claims, or defenses.

**BARNES & THORNBURG** LLP

Ltr to Ramey re Rule 11 Violations
May 20, 2026
Page 5

Sincerely,

BARNES & THORNBURG LLP

David Lisch