IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WOLVERINE BARCODE IP, LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> WALGREEN CO., <br><br> **Defendant** | Civil Action No. 2:26-cv-00153 <br> **(Lead Case)** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |
| v. <br><br> JAMBA JUICE, LLC, <br><br> **Defendant.** | Civil Action No: 2:26-cv-00021 <br> **(Member Case)** |

**DEFENDANT JAMBA JUICE, LLC'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO**
**WOLVERINE BARCODE IP, LLC AMENDED COMPLAINT**

Defendant Jamba Juice, LLC ("Defendant") files this Answer, Affirmative Defenses, and

Counterclaims to Plaintiff Wolverine Barcode IP, LLC ("Plaintiff")'s Amended Complaint for

Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Amended

Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

1.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 1 of the Amended Complaint and, on that basis, denies all

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement
included or implied in the introductory paragraph or in any headings of the Amended Complaint.

1

such allegations.

2.     Defendant denies that it is a corporation organized under the laws of Delaware, admits that it has a principal office at 5620 Glenridge Drive NE, Atlanta, Georgia 30342, and denies that it has a corporate office at 3001 Dallas Pkwy Ste 140, Frisco, TX 75034. Defendant admits there are Jamba locations at 1201 E. Spring Creek Pkwy, Ste. 180, Plano TX 75074 and 6100 W Park Blvd, Suite 100A, Plano, TX 75093. Defendant admits it has been served. Defendant denies all remaining allegations in Paragraph 2.

### JURISDICTION AND VENUE

3.     Defendant admits that the Amended Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies any remaining allegations in Paragraph 3 of the Amended Complaint.

4.     Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 4 of the Amended Complaint.

5.     Defendant does not contest whether venue is proper in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6.     Defendant admits that the Plano Locations are identified as a Jamba store on Jamba's mobile application and corporate store locator. The remaining allegations in Paragraph 6 are legal conclusions to which no response is required. Jamba denies any remaining allegations in

2

Paragraph 6 of the Amended Complaint.

7.    Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

### FACTUAL BACKGROUND

8.    Jamba admits that Plaintiff has named only Jamba in this Amended Complaint. The remaining allegations in Paragraph 8 are legal conclusions to which no response is required.

9.    Defendant admits that an alleged copy of the '689 Patent is attached to the Amended Complaint as Exhibit A. The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies all such allegations.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies all such allegations.

11.    Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 11 of the Amended Complaint.

12.    The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 12 of the Amended Complaint.

13.    The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14.    The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 14 of the

3

Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16. The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17. The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 17 of the Amended Complaint.

18. The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 18 of the Amended Complaint.

19. Jamba admits that has franchised retail establishments at which customers purchase smoothies, juices, bowls, and related food and beverage products, including the Plano Locations. Jamba denies any remaining allegations in Paragraph 19 of the Amended Complaint.

20. Jamba denies that it develops, distributes, and controls a mobile software application (the "Jamba App"). Jamba admits that the Jamba App provides customers with access to the Jamba Rewards Program, the ability to view menus and place orders. Jamba denies that the QR code shown in the app is a "User ID Barcode" within the meaning of the claims. Jamba denies that it is or has infringed the '689 Patent. Jamba denies any remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 contains legal conclusions to which no response is required. Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 31 of the Amended Complaint.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Jamba denies the allegations in Paragraph 32 of the Amended Complaint.

**COUNT I: [ALLEGED] DIRECT INFRINGEMENT OF THE '689 PATENT**

33.     Defendant incorporates by reference its responses to the allegations in Paragraphs 1–32 of the Amended Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Amended Complaint.

**COUNT II: [ALLEGED] INDUCED INFRINGEMENT OF THE '689 PATENT**

51.     Defendant incorporates by reference its responses to the allegations in Paragraphs 1–50 of the Amended Complaint.

52.    Defendant denies the allegations in Paragraph 52 of the Amended Complaint.

53.    Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54.    Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55.    Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.    Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57.    Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58.    Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

## COUNT III: [ALLEGED] CONTRIBUTORY INFRINGEMENT OF THE '689 PATENT

59.    Defendant incorporates by reference its responses to the allegations in Paragraphs 1–58 of the Amended Complaint.

60.    Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61.    Defendant denies the allegations in Paragraph 61 of the Amended Complaint.

62.    Defendant denies the allegations in Paragraph 62 of the Amended Complaint.

63.    Defendant denies the allegations in Paragraph 63 of the Amended Complaint.

64.    Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

## COUNT IV: [ALLEGED] WILLFUL INFRINGEMENT OF THE '689 PATENT

66.    Defendant incorporates by reference its responses to the allegations in Paragraphs 1–65 of the Amended Complaint.

67.    Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

### CONDITIONS PRECEDENT

69.    Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 69 of the Amended Complaint and, on that basis, denies all such allegations.

70.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Amended Complaint and, on that basis, denies all such allegations.

71.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint and, on that basis, denies all such allegations.

72.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Amended Complaint and, on that basis, denies all such allegations.

73.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Amended Complaint and, on that basis, denies all such allegations.

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Amended Complaint and, on that basis, denies all such allegations.

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Amended Complaint and, on that basis, denies all such allegations.

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Amended Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] JURY DEMAND

Defendant is not required to provide a response to Plaintiff's request for trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs A-G of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '689 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '689 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '689 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the claims of the '689 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the claims of the '689 Patent.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory

9

infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '689 Patent against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '689 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### EIGHTH AFFIRMATIVE DEFENSE

Should Defendant be bound to infringe any valid, enforceable claim of the '689 Patent, such infringement was not willful.

## JAMBA JUICE, LLC 'S COUNTERCLAIMS

For its counterclaims against Plaintiff Wolverine Barcode IP, LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Jamba Juice, LLC ("Counterclaim Plaintiff") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff is a limited liability company organized and existing under the laws of California with a principal office at 5620 Glenridge Drive NE, Atlanta, Georgia, 30342.

2. Upon information and belief based solely on Paragraph 1 of the Amended Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a limited liability company with its principal place of business located in Austin, Texas.

### JURISDICTION

3. Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Counterclaim Defendant has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Amended Complaint.

6. Based solely on Counterclaim Defendant's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

### COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

8. Based on Counterclaim Defendant's filing of this action and at least Counterclaim

Plaintiff's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiff infringes the '689 Patent.

9.      Counterclaim Plaintiff does not infringe the claims of the '689 Patent because, *inter alia*, Counterclaim Plaintiff does not perform the steps of providing a personal code to a person for their use to purchase goods; converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corresponding to said personal code and including at least one special character to distinguish the barcode as a User ID Barcode from a product barcode; storing said personal code in said User ID Barcode format by said person for use to purchase goods and storing said personal code in a User Vendor Management Server to permit purchases to be made at a vendor; establishing a User Account in a User Vendor Management Server corresponding to said personal code; depositing funds in said User Account to establish a credit limit; conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server; detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server; comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server; forwarding the approval signal to the vendor cash register; and repeating the previous steps for subsequent purchase transactions using said User ID Barcode.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the '689 Patent under any theory (including directly

(whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**COUNT II**

**DECLARATION REGARDING INVALIDITY**

11.     Counterclaim Plaintiff incorporates by reference Paragraphs 1–10 above.

12.     Based on Counterclaim Defendant's filing of this action and at least Counterclaim Plaintiff's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '689 Patent.

13.     The asserted claims of the '689 Patent are anticipated and/or rendered obvious by, *e.g.*, U.S. Patent Nos. 8,341,079 and 6,679,421.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that the claims of the '689 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Counterclaim Defendant by granting the following relief:

a)     a declaration that the claims of the '689 Patent are invalid;

b)     a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the '689 Patent that may be enforceable;

c)     a declaration that Counterclaim Defendant take nothing by its Amended Complaint;

d)     judgment against Counterclaim Defendant and in favor of Counterclaim Plaintiff;

e)     dismissal of the Amended Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award

13

to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

g)        further relief as the Court may deem just and proper.

## JURY DEMAND

Counterclaim Plaintiff hereby demands trial by jury on all issues.

Dated: June 4, 2026                                        Respectfully submitted,

By:  */s/ Riley J. Green*
     Neil J. McNabnay
     Texas Bar No. 24002583
     mcnabnay@fr.com
     Lance E. Wyatt
     Texas Bar No. 24093397
     wyatt@fr.com
     Riley J. Green
     Texas Bar No. 24131352
     rgreen@fr.com
     **FISH & RICHARDSON P.C.**
     1717 Main Street, Suite 5000
     Dallas, Texas 75201
     Telephone (214) 747-5070
     Facsimile (214) 747-2091

     **COUNSEL FOR DEFENDANT**
     **JAMBA JUICE, LLC**

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on June 4, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Riley J. Green*
Riley J. Green
